**DWIGHT C. HOLTON, OSB #09054**
United States Attorney
District of Oregon
**ADRIAN L. BROWN, OSB #050206**
adrian.brown@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone:   (503) 727-1003
Facsimile:   (503) 727-1117
           Attorneys for Plaintiff

FILED 30 SEP '11 10:49 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff<br><br>    v.<br><br>MONTAGNE DEVELOPMENT, INC.,<br>MULTI/TECH ENGINEERING<br>SERVICES, INC.,<br>DAVID A. MONTAGNE, WILLIAM D.<br>JONES, DAV II INVESTMENT<br>GROUP, LLC, AND GATEWAY II<br>LLC,<br><br>         Defendants; and<br><br>GATEWAY I LLC,<br><br>         Rule 19 Defendant. | Civil No. CV'11 1191 PK<br><br>COMPLAINT |

The United States of America

1. This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601-3619.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 3612(o) and 3614(a).

3. Venue is proper in this jurisdiction, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 3612(o), because the claims alleged in this action arose in Salem, Oregon in the District of Oregon, and concern or otherwise relate to real property located therein.

## The Property

4. The Gateway Village Apartments are located at 1900 Madras Avenue SE, in Salem, Oregon. The property consists of seven (7) multi-level townhouses; and 29 multi-story, non-elevator, multifamily buildings that contain between four (4) and 12 dwelling units per building totaling 275 units. 112 of the units are located on the ground-floor.

5. The rental units at the Gateway Village Apartments are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

6. The Gateway Village Apartments were designed and constructed for first occupancy after March 13, 1991. Its ground-floor units are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(B). The complex is subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C).

Page 2     Complaint
          *United States et al, v. Montagne Development, Inc., et al.*

## The Defendants

7. Defendant Multi/Tech Engineering Services, Inc., was the architect and civil engineer for the Gateway Village Apartments and property.

8. Defendant Montagne Development, Inc., was the contractor responsible for the construction of Gateway Village Apartments.

9. Defendants David A. Montagne and William David Jones were General Partners in the "Dav II Investment Group", an Oregon General Partnership.

10. Defendant Dav II Investment Group was the initial developer of the property, owning the land from the pre-development stage until the property was divided into two parcels and sold in October, 2003. Dav II Investment Group was initially a general partnership and later became a Limited Liability Corporation (LLC).

11. Defendant Gateway II, LLC, has been the owner of record for "Phase II" of the property since October, 2003, including during construction.

12. Rule 19 Defendant Gateway I, LLC, has been the owner of record for "Phase I" of the property since approximately October 16, 2003. Although Gateway I, LLC was not involved in the design and construction of Phase I, it controls access to the property and is a necessary party to this action under Fed. R. Civ. P. 19(a)(1)(A).

## Fair Housing Claims

13. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1-12, above.

Page 3        Complaint
              *United States et al, v. Montagne Development, Inc., et al.*

14. Defendants[1] engaged in discriminatory housing practices in designing and constructing the Gateway Village Apartments (hereinafter "Gateway"). Defendants failed to design and construct Gateway in such a manner that: (a) there are accessible building entrances on an accessible route; (b) the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities; (c) all doors are sufficiently wide to allow passage by handicapped persons in wheelchairs; (d) all premises within such ground-floor dwellings contain the following features of adaptive design: (i) an accessible route into and through the dwelling; (ii) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; and (iii) useable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

## COUNT I

15. Plaintiff re-alleges and incorporates by reference herein the allegations set forth above.

16. Complainant Fair Housing Council of Oregon (FHCO) is a private nonprofit corporation whose mission is to ensure compliance with fair housing laws for all persons in Oregon and southwest Washington. Their principal place of business is located in Portland, Oregon.

17. On December 27, 2005, a tester from the Fair Housing Council of Oregon (FHCO) visited the complex to conduct an accessibility survey of Gateway. The tester observed barriers to accessibility in both the interior of a ground-floor apartment, as well as the exterior

---

[1] Unless otherwise stated, references to "Defendants" in this Complaint refer to all Defendants other than Rule 19 Defendant Gateway I, LLC.

public areas of Gateway. FHCO then conducted further investigation to identify the developer, builder, and architect of Gateway, and obtained copies of building permits and certificates of occupancy for some of the buildings. FHCO has continued to expend resources on this matter since filing the complaint, including participating in the inspection of the property by HUD's expert consultant.

18. FHCO filed a timely complaint with HUD on July 26, 2006 pursuant to 42 U.S.C. § 3610 (a), alleging that Defendants had discriminated against persons with disabilities by failing to design and construct a building that meets the accessability guidelines required by the Fair Housing Amendments Act.

19. Subsequent to the filing of the complaint with HUD, and in response to the violations it had observed at Gateway, FHCO conducted at least three additional design and construction workshops for developers and other persons who design and build multifamily housing.

20. Pursuant to the requirements of 42 U.S.C. §§ 3610(a) and (b), the Secretary of Housing and Urban Development ("the Secretary") conducted an investigation of the above-mentioned complaint regarding Gateway, attempted conciliation with the Defendants without success, and prepared final investigatory reports.

21. Based on the information gathered in this investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred at Gateway. Accordingly, on or about August 23, 2011, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination, charging Defendants with engaging in discriminatory housing practices in violation of the FHA.

22. On or about August 26, 2011, complainant FHCO elected to have the claims asserted in HUD"s Charge of Discrimination resolved in a federal civil action, pursuant to 42 U.S.C. § 3612(a).

23. The Secretary subsequently authorized the Attorney General to commence this action, pursuant to 42 U.S.C. § 3612(0).

24. Defendants, through the actions and conduct referred to in paragraph 14, have:

   a. Discriminated in the sale or rental or otherwise made unavailable or denied dwellings to buyers or renters because of handicap, in violation of 42 U.S.C. § 3604(f)(1);

   b. Discriminated against persons in the terms, conditions or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of handicap, in violation of 42 U.S.C. § 3604(f)(2); and

   c. Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C).

25. The FHCO is an aggrieved person within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' conduct described above. Defendants' conduct has frustrated and materially impaired FHCO's mission of promoting and ensuring compliance with fair housing laws in the state of Oregon and in Southwest Washington. As a result of Defendants' conduct, FHCO has diverted resources from other activities to identify and counteract the effect of Defendants' unlawful actions and it will be required to continue to do so until this matter is resolved and Gateway is brought into full compliance with

the Fair Housing Act.

26. The discriminatory actions of Defendants were intentional, willful, and taken in disregard for the rights of others.

## COUNT II

27. Plaintiff re-alleges and incorporates by reference herein the allegations described in paragraph 14, above.

28. The conduct of Defendants described above constitutes:

   a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; or

   b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

29. In addition to the FHCO, there may be other victims of Defendants' discriminatory housing practices who are aggrieved persons as defined in 42 U.S.C. § 3602(i) and may have suffered injuries and damages as a result of Defendants' actions and practices described above.

30. Defendants' discriminatory actions and practices described above were intentional, willful, and taken in disregard for the rights of others.

### Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that the policies and practices of Defendants, as alleged herein, violate

the Fair Housing Act;

2. Declares that Defendants have engaged in a pattern or practice of discrimination in violation of the Fair Housing Act and have denied rights under the Fair Housing Act to a group of persons raising an issue of public importance;

3. Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from

    a. Discriminating in the rental, or otherwise making unavailable or denying dwellings to renters, because of handicap in violation of 42 U.S.C. § 3604(f)(1);

    b. Discriminating against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of handicap in violation of 42 U.S.C. § 3604(f)(2);

    c. Failing or refusing to bring the ground-floor dwelling units and public use and common use areas at Gateway Village Apartments into compliance with 42 U.S.C. § 3604(f)(3)(c);

    d. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

    e. Failing or refusing to take such affirmative steps as may be necessary to prevent recurrence of any discriminatory conduct in the future, and to eliminate, to the extent practicable, the effects of their unlawful practices;

    e. Designing and/or constructing any covered multifamily dwellings in the

future that do not contain the accessibility and adaptability features required by 42 U.S.C. § 3604(f)(3)(C);

4. If necessary, enjoins Rule 19 Defendant Gateway I, LLC from engaging in conduct that denies access to Gateway, or from failing to take any other action appropriate to ensure that any retrofits required to bring Gateway into compliance with the accessibility provisions of the Fair Housing Act can be done in a prompt and efficient manner; and

5. Awards appropriate monetary damages, pursuant to 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), and 3614(d)(1)(B), to each person harmed by Defendants' discriminatory conduct and practices.

The United States further prays for such additional relief as the interests of justice may require.

Respectfully submitted this 30th day of September, 2011.

ERIC H. HOLDER, JR.
Attorney General of the United States

DWIGHT C. HOLTON
United States Attorney
District of Oregon

ADRIAN L. BROWN
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Avenue, Ste. 600
Portland, OR 97204-2902

/s/ Thomas E. Perez
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

/s/ Steven H. Rosenbaum
STEVEN H. ROSENBAUM
Chief
TIMOTHY J. MORAN
Deputy Chief
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave, N.W.
Washington, D.C.  20530