IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:11-CV-01191-PK |
|     Plaintiff, | |
| | ORDER |
| and | |
| FAIR HOUSING COUNCIL OF OREGON, | |
|     Plaintiff-Intervenor, | |
| v. | |
| MONTAGNE DEVELOPMENT, INC.; MULTI/TECH ENGINEERING SERVICES, INC.; DAVID A. MONTAGNE; WILLIAM D. JONES; DAV II INVESTMENT GROUP, LLC; GATEWAY II, LLC; and GATEWAY I, LLC, | |
|     Defendants. | |

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003


1 - ORDER

**BURTIS M. DOUGHERTY, JR.**
U.S. Department of Justice
Civil Rights Division,
Housing & Civil Enforcement Section
950 Pennsylvania Ave., N.W. Building
Washington, D.C. 20530
(202) 514-4737

**JULIE JACKSON ALLEN**
U.S. Department of Justice
950 Pennsylvania Ave., N.W. - G Street
Washington, D.C. 20530
(202) 307-6275

       Attorneys for Plaintiffs

**DENNIS STEINMAN**
Kell, Alterman & Runstein, LLP
520 S.W. Yamhill Street
Suite 600
Portland, OR 97201
(503) 222-3531

       Attorneys for Plaintiff-Intervenor

**JOHN LORING LANGSLET**
**STEPHEN P. YOSHIDA**
Martin Bischoff Templeton Langslet & Hoffman
888 S.W. Fifth Avenue
Suite 900
Portland, OR 97204
(503) 224-3113

       Attorneys for Defendant
       Multi/Tech Engineering
       Services, Inc.

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and Recommendation (F&R)(#130) on March 10, 2014, in which he recommends this Court grant in part and deny in part the Motion (#110) for Attorneys' Fees of Plaintiff-Intervenor Fair Housing

2 - ORDER

Council of Oregon (FHCO) in which FHCO seeks $182,518.19 in attorneys' fees. The Magistrate Judge recommends this Court award fees to FHCO in the amount of $47,009.79.

FHCO filed timely Objections to the Findings and Recommendation on March 24, 2014. This matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

I. **Summary of Recommendations**

Magistrate Judge Papak recommends this Court award attorneys' fees to FHCO in the amount of $47,009.79 to be paid by Defendant Multi/Tech Engineering Services, Inc.,[1] on the grounds that the Court should:

> (1) Exclude 8.90 hours of Dennis Steinman's requested time, 47.30 hours of Matthew Ellis's requested time, and 26.30 hours of Scott Aldworth's time – on the grounds that such hours were block billed, duplicative, or inadequately documented.
>
> (2) Reduce the total amount of fees FHCO incurred in litigating the merits of the case by 10 percent to account for excessive time spent conferencing with the Department of Justice attorneys.
>
> (3) Set the hourly rates for FHCO's attorneys based on historic rates as follows:

---

[1] Multi/Tech is the only remaining defendant in this case as all other defendants (collectively referred to as the Montagne Defendants) settled this matter with Plaintiff United States of America and Plaintiff-Intervenor FHCO.

3 - ORDER

| Year | Steinman | Ellis    | Aldworth |
|------|----------|----------|----------|
| 2006 | $250.00  | $95.00   | N/A      |
| 2008 | $276.60  | N/A      | N/A      |
| 2009 | $289.90  | N/A      | N/A      |
| 2010 | $303.20  | N/A      | N/A      |
| 2011 | $316.50  | $218.00  | N/A      |
| 2012 | $323.30  | $222.69  | N/A      |
| 2013 | $328.10  | $225.99  | $181.41  |

      (4)   Decline to apply a multiplier to upwardly adjust the lodestar amount.

      (5)   Reduce the requested lodestar amount for fees-on-fees from $7,340.53 to $3,376.64.

      (6)   Apportion 57% of FHCO's attorney's fees to Multi/Tech.

F&R at 15, 20-24, 27-30.

## II. Standards

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## III. FHCO's Objections

### A. Hours Expended, Hourly Rates, and Multiplier

FHCO objects to the Magistrate Judge's (1) use of historic and median rates listed in the 2006 and 2012 Oregon State Bar

4 - ORDER

Economic Surveys to set the hourly rates for FHCO's attorneys; (2) reduction in hours expended by FHCO's attorneys on the grounds that such hours were block billed, duplicative, or inadequately documented; and (3) denial of FHCO's request for a multiplier to upwardly adjust the lodestar amount. The Court finds FHCO merely reiterates the arguments contained in its Memorandum (#111) in Support of its Motion for Attorneys' Fees and Reply (#125) as to these issues.

This Court has carefully considered FHCO's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. Accordingly, the Court adopts the Magistrate Judge's lodestar calculation for an award of **$85,054.87**[2] to FHCO for attorneys' fees. See F&R at 25.

### B.  Ten-Percent Reduction

FHCO objects to the Magistrate Judge's reduction of FHCO's lodestar attorneys' fees by ten percent. The Magistrate Judge acknowledged FHCO "made a distinct and significant contribution to the case," but, nevertheless, he reduced FHCO's total fees by ten percent due to his concerns about FHCO's "excessive" conferences with the Department of Justice and FHCO's practice of block billing:

> I am concerned by the sheer number of billing entries

---

[2] The Court notes the Magistrate Judge's calculation was in error by $.01, and, accordingly, the correct lodestar calculation is $85,054.87 instead of $85,054.86.

5 - ORDER

> for conferences between FHCO's attorneys and the attorneys for the Department of Justice. Complicating this issue is FHCO's attorneys' practice of billing for multiple tasks without specifying the amount of time spent on each task, making it impossible to determine the number of hours actually spent conferencing with the Department of Justice. My concern is fueled, in part, by Brown's statement that this case was her first design-and-construction case and that, as a result, the FHCO's attorneys were "an essential resource throughout the prosecution of this case."

F&R at 14-15.

In support of its Objections FHCO submitted the Declarations (#133, #134) of Steinman and Assistant United States Attorney (AUSA) Adrian L. Brown in which Steinman and AUSA Brown clarify the fact that FHCO attorneys did not educate AUSA Brown on issues concerning design-and-construction cases, but instead assisted her in understanding this particular case due to their involvement in the investigatory phase of the case, the filing of their HUD complaint, and their participation in HUD's architectural survey of the property before AUSA Brown became involved in the case. Steinman Decl. at ¶ 2; Brown Decl. at ¶ 3. AUSA Brown testifies her education on issues in design-and-construction cases generally came from training by the Civil Rights Division as recently as January 2012, and she also benefitted from the institutional knowledge of several attorneys in the Housing and Civil Enforcement Section of the Civil Rights Division who assisted in prosecution of this case. *Id.*

As noted, the Magistrate Judge recommends this Court

disallow some of the hours of the FHCO attorneys on the grounds that some of their time was duplicative as reflected in part by entries showing multiple attorneys billed for the same conference with the Department of Justice or are block billed.

In light of the clarification provided by Steinman and AUSA Brown as to the support that FHCO provided to the Department of Justice and the fact that the Magistrate Judge also recommended a reduction in the total hours requested by FHCO on the grounds that certain time entries were block billed or duplicative, the Court concludes the additional ten-percent reduction in total hours is not warranted. Accordingly, the Court declines to adopt this portion of the F&R.

    **C.**    **Fees-on-Fees**

The Magistrate Judge found the lodestar calculation for the amount of time that the FHCO attorneys reasonably spent preparing the fee petition (*i.e.,* fees-on-fees) was $7,340.53. FHCO does not object to this calculation. The Magistrate Judge, however, recommends reduction of the lodestar amount for fees-on-fees to 46 percent of that calculation in accordance with the Ninth Circuit's "approved arithmetic reduction of an award of 'fees-on-fees' by the ratio of fees actually awarded in the underlying fee dispute to the amount therein requested." F&R at 27. The Magistrate Judge arrived at the 46-percent ratio by dividing the

7 - ORDER

lodestar amount ($76,549.37[3]) by the total amount of attorneys' fees requested by FHCO (including the requested multiplier of 1.75) or $166,464.56.

FHCO concedes the Ninth Circuit's approved calculation is commonly used by courts to award fees-on-fees, but FHCO objects to the Magistrate Judge's calculation on the ground that he should not have included FHCO's requested multiplier in the "amount of fees requested" portion of the calculation. The Court agrees. *See, e.g.*, *Alvarado v. FedEx Corp.*, No. C 04-0099 SI, 2011 WL 4708133, at *22 (N.D. Cal. Sept. 30, 2011); *Schultz v. Ichimoto*, No. 1:08-CV-526-OWW-SMS, 2010 WL 3504781, at *12 (E.D. Cal. Sept. 7, 2010).

The Court, therefore, declines to adopt this portion of the Magistrate Judge's Findings and Recommendation and concludes the proper "requested fees" amount for the fees-on-fees calculation is $117,979.75[4] (*i.e.*, the total amount of fees sought by FHCO

---

[3] This includes the ten-percent reduction to his initial lodestar calculation of $85,054.86 recommended by the Magistrate Judge.

[4] The Court arrives at this figure based on Footnote 9 in the F&R wherein the Magistrate Judge explains FHCO sought $117,979.75 in fees incurred before beginning work on the fee petition. Although the Magistrate Judge took into account the $40,000 reduction proposed by FHCO to account for the amount the Montagne Defendants had already paid in attorneys' fees, the Court does not include this in the calculation of the "requested fees" in light of the Court's adoption of the Magistrate Judge's recommendation to apportion FHCO's total attorneys' fees between the Montagne Defendants and Defendant Multi/Tech.

8 - ORDER

absent the requested multiplier). Because the Court has concluded the proper lodestar amount is $85,054.87, the proper ratio to calculate the fees-on-fees award is 72 percent. Accordingly, the Court concludes the proper fees-on-fees amount is 72 percent of the fees-on-fees lodestar amount of 7,340.53 or **$5,285.18**.

**D.  Apportionment**

The Magistrate Judge apportioned the attorneys' fees of FHCO between the Montagne Defendants and Defendant Multi/Tech and assigned 43 percent to the Montagne Defendants and 57 percent to Multi/Tech. FHCO objects to this apportionment for three reasons.

First, FHCO contends implicit in the Consent Order (pursuant to which FHCO is entitled to its fees) is that Multi/Tech will pay for all of FHCO's incurred attorneys' fees. The Court notes, however, the Consent Order specifically provides "Multitech [*sic*] agrees to pay the amount determined by the District Court to be reasonable attorneys' fees and costs incurred by FHCO in this action." Multi/Tech Consent Ord. and J. (#109) at 8. Accordingly, the Court concludes the parties left it to the discretion of the District Court to determine the reasonable amount of attorneys' fees that Multi/Tech would be obligated to pay.

Second, FHCO argues the Magistrate Judge's apportionment

9 - ORDER

ignores the fact that FHCO attorneys performed approximately 60 hours of work related to FHCO's response to Multi/Tech's Motion (#47) for Summary Judgment prior to the settlement with the Montagne Defendants. FHCO, however, also concedes its attorneys were doing work at that time to "wrap up" the Consent Decree with the Montagne Defendants.

Finally, FHCO appears to contend Multi/Tech should be responsible for all or at least a higher percentage of FHCO's fees because Multi/Tech was more at fault than the other defendants. This, however, is not a basis on which to apportion attorneys' fees. As noted by the Magistrate Judge, apportionment is to be made on the basis of "the time expended by the plaintiff in pursuing each defendant." F&R at 28 (citations omitted).

The Magistrate Judge allocated 57 percent of FHCO's fees to Multi/Tech based on his analysis of the billing records and his familiarity with the case. F&R at 30. The Court has carefully considered FHCO's Objections on this issue and concludes they do not provide a basis to modify this portion of the Findings and Recommendation.

**IV.  Summary**

The Court adopts the Magistrate Judge's Findings and Recommendation with the exception of the recommendation that this Court reduce FHCO's total fees and use a 46-percent ratio to calculate the fees-on-fees award.

10 - ORDER

Accordingly, the Court modifies the award of attorneys' fees to FHCO as follows:

| Lodestar: $85,054.87 | |
|---|---|
| 57% of Lodestar Apportioned to Multi/Tech | $48,481.28 |
| Fees-on-Fees | $5,285.18 |
| **Total** | **$53,766.46** |

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Papak's Findings and Recommendation (#130) and **GRANTS in part** and **DENIES in part** FHCO's Motion (#110) for Attorneys' Fees. Accordingly, the Court awards attorneys' fees to FHCO in the amount of **$53,766.46**.

IT IS SO ORDERED.

DATED this 29th day of May, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - ORDER